UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL BURRLE, SR.**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 11-1591**

**NORTHROP GRUMAN COMPANY &**
**INGALS SHIP SYSTEMS/AVONDALE**                        **SECTION: "C" (3)**

## ORDER & REASONS

Before the Court is Motion to Dismiss, or, Alternatively, Motion for More Definite Statement filed by Defendant Huntington Ingalls Incorporated ("HII") (improperly named as Northrop Gruman Company and Ingals Ship System/Avondale). (Rec. Doc. 10). Having reviewed the record, the memoranda of the parties, and the applicable law, the Court GRANTS HII's Motion and dismisses Plaintiff Michael Burrle, Sr.'s claims for the following reasons.

## I. BACKGROUND

Pro se Plaintiff Michael Burrle, Sr. filed this suit on July 8, 2011, alleging that he was terminated from his job as a hydraulic oil flusher because of his race and a disability, presumably under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-2, et seq. and the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. (Rec. Doc. 1). In support of this allegation, Plaintiff provides no facts, stating only that Defendant "discriminated against me by race and my disability to come back work." (Rec. Doc. 1 at 2). He does not specify his race or disability.

1

Defendant alleges that Plaintiff was hired by Defendant's predecessor as a "Mechanic Hydraulic" in April 2008, that he was injured on the job on January 15, 2011, returned to work "with certain restrictions" on January 22, 2011, and assigned to "light duty" to begin on February 22, 2011.  (Rec. Doc. 10-1 at 2).  Defendant further claims that Plaintiff reported to work on February 22, 2011 and worked part of an 8-hour shift that day, but that he failed to report to work thereafter and failed to provide medical documentation demonstrating that he could not perform his job.  (Rec. Doc. 10-1).  Defendant states that these events caused it to terminate Plaintiff on March 16, 2011.  Plaintiff alleges that he attempted to resume work at some point between March 16, 2011, and May 13, 2011.  (Rec. Doc. 1 at 1-2).  He filed a charge of discrimination with the Equal Employment Opportunity  ("EEOC") on May 16, 2011.

In his EEOC charge of discrimination, attached to his complaint, Plaintiff indicated that he was discriminated on the basis of race by checking the "race" box, but he did not check the "disability" box.  (Rec. Doc. 1 at 3).  Furthermore, the narrative he provided in the charge alleges that his race ("Black") was the cause of his termination, but nowhere does he mention his alleged disability.  (Rec. Doc. 1 at 3).

In its Motion, Defendant first argues that Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient process because Defendant was served process by mail but not through its designated agent, in violation of Rule 4(h).  Second, Defendant argues that Plaintiff's disability claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with the EEOC when he checked only the "race" box and failed to check the "disability" box.  Third, Defendant argues that both claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon

2

which relief can be granted because Plaintiff alleged no facts supporting either the racial or the disability-related discrimination claims. (Rec. Doc. 10-1 at 3-10). In Plaintiff's Opposition, he does not refer to his racial discrimination claim. Furthermore, he alleges no facts supporting his disability claim. Instead, he offers more allegations concerning the circumstances of his termination, including that he was injured on the job in January 2011, assigned to light duty and paid worker's compensation, that the duty was not in fact "light" and that he was late for work on an undisclosed occasion because of a doctor's appointment at which he received an MRI exam. (Rec. Doc. 12 at 1-2).

## II. LAW & ANALYSIS

### A. Insufficient Process

This Court rejects Defendant's argument that Plaintiff's claims should be dismissed under Rule 12(b)(5) for defective service. The cases Defendant cites in support of this argument involved untimely service, not otherwise defective service. (Rec. Doc. 10-1 at 3-4; *see* Sys. Signs Supplies v. U.S. Dept. Of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Federal Rule of Civil Procedure 4(m) unequivocally states that the district court "must dismiss the action without prejudice" if "a defendant is not served within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). However, Defendant does not allege that Plaintiff failed to timely serve it. Rather, Defendant alleges that service was defective under Rule 4(h). That rule states that serving a corporation or other business association must be made either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and

of the complaint to an officer [...] or any other agent authorized by appointment or by law to receive service of process and [...] by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Unlike untimely service, defective or irregular service is not ordinarily a ground for dismissal unless it altogether voids the process or causes the court not to have jurisdiction over the action. 27 C.J.S. Dismissal and Nonsuit § 67 (citations omitted).

Defendant is a corporation. (Rec. Doc. 14). Defendant alleges that Plaintiff completed only the second of these service requirements, in that he mailed the copy of the summons and complaint but did not serve a designated agent. (Rec. Doc. 10-1 at 3-4). The summons and complaint were sent to an incorrect address on August 3, 2011, and the summons was returned executed on August 16, 2011. (Rec. Doc. 8). Defendant received a forwarded copy of the complaint on August 9, 2011. (Rec. Doc. 6 at 1). Defendant has not alleged that Plaintiff's failure to also serve a designated agent caused the process to be void or affected this Court's jurisdiction over this matter. Furthermore, Defendant can hardly claim prejudice from defective service given that it moved for and were granted a 21-day extension to answer or otherwise plead, from the date on which it received Plaintiff's complaint. (Rec. Docs. 6, 7). Therefore, this Court declines to dismiss Plaintiff's claims on the ground of defective service.

**B. Failure to Exhaust Administrative Remedies With Respect to Disability Claim**

This Court finds that it has subject matter jurisdiction over Plaintiff's racial discrimination claim, but lacks subject matter jurisdiction over the disability claim because Plaintiff did not exhaust his administrative remedies with respect to that claim. The district court has subject matter jurisdiction over a discrimination claim only if the EEOC has had the "opportunity to obtain

4

voluntary compliance." Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) (quoting Sanchez v. Standard Brands, 431 F.2d 455, 467 (1970). A plaintiff who files a charge of discrimination with the EEOC can assert in a subsequent civil proceeding, only claims that "could reasonably be expected to grow out of the charge of discrimination." Pacheco, 448 F.3d at 789 (quoting Sanchez, 431 F.2d at 467). See also Luna v. Lockheed Martin Corp., 54 Fed. Appx. 404, *1 (5th Cir. 2002) (per curiam) (affirming dismissal of national origin discrimination claim on the ground that he checked only the "retaliation" box on EEOC charge of discrimination). To determine whether voluntary compliance has been obtained, courts "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Pacheco, 448 F.3d at 789. The scope of an EEOC complaint should be construed liberally, particularly because most complaints are initiated pro se. Id. at 788 (citing Sanchez, 431 F.2d at 463).

Here, Plaintiff checked the "race" box in his EEOC charge of discrimination, but not the "disability" box. (Rec. Doc. 1 at 3). Plaintiff indicated his race as "Black" in the "particulars" portion of the charge of discrimination form. (Rec. Doc. 1 at 3). However, he did not refer at all to a disability in the "particulars" or narrative portion of the charge of discrimination form. (Rec. Doc. 1 at 3). Construing the EEOC complaint broadly, this Court declines to dismiss Plaintiff's racial discrimination claim on the ground that it lacks subject matter jurisdiction because he failed to exhaust his administrative remedies. The Court dismisses only his disability claim on that ground.

**C. Failure to State a Valid Racial Discrimination Claim**

Plaintiff has failed to state a cause of action for racial discrimination and thus the claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint in whole or in part where the plaintiff has failed "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Although courts are required to take as true all factual allegations of the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level." Id. The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" or "contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not merely conclusory allegations" to avoid dismissal for failure to state a claim. Guidry v. Bank of LaPlace, 954 F.2d 178, 281 (5th Cir. 1992). Although pro se plaintiffs are held to less stringent standards than those represented by counsel, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusion masquerading as factual conclusions will not suffice to prevent a motion to dismiss. Taylor v. Books A Million, 296 F.3d 376, 378 (5th Cir. 2002).

Title VII of the Civil Rights Act of 1964 prohibits an employer from "failing or refusing to

hire or [...] [from] discharging, or otherwise discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." as amended, 42 U.S.C. 2000e-2, et seq.

A plaintiff may prove discrimination or retaliation under title VII through direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589, 593 (5th Cir. 2007). Direct evidence is "evidence which, if believed proves the fact of discriminatory animus without inference or presumption. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 839, 897 (5th Cir. 2002). "Because direct evidence is rare, a plaintiff ordinarily uses circumstantial evidence to meet the test set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id. However, "the McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination." Id. (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 123 (1984)). Here, Plaintiff has alleged no facts suggesting that there is direct evidence of racial discrimination in his complaint, amended complaint, or opposition to Defendant's instant motion. (Rec. Docs. 1, 9, 12). Therefore, to withstand dismissal, Plaintiff must meet the requirements of a prima facie case of discrimination.

To establish a prima facie case of discrimination, the Plaintiff must demonstrate that he (1) belonged to a protected group' (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced with a similarly qualified person who is not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated. Nasti, 492 F.3d at 593; Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003).

Plaintiff's complaint fails to satisfy these four elements. Although Plaintiff indicated that he was "Black" in his EEOC charge of discrimination, he did not include this allegation in his

complaint. (Rec. Doc. 1 at 3). Even if this statement were considered to meet the first element, he made no allegations pertaining to the second, third, or fourth elements of a prima facie case, and as a result, his racial discrimination complaint must be dismissed for failure to state a claim under Rule 12(b)(6).

Accordingly,

IT IS ORDERED that the Defendant's Motion to Dismiss, or Alternatively, Motion for More Definite Statement is GRANTED in that Plaintiff's claims are DISMISSED. (Rec. Doc. 10).

New Orleans, Louisiana, this 1st day of December, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE